993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rooplal SABHA; Carl Rajkumar; Himet Rai, Defendants-Appellants.
 Nos. 92-30338, 92-30340 and 92-30391.
 United States Court of Appeals, Ninth Circuit.
 May 14, 1993.
 
 Before WRIGHT, ALARCON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A jury convicted Rajkumar and Sabha of an alien smuggling conspiracy and substantive immigration offenses in violation of 8 U.S.C. § 1324(a)(1) and 18 U.S.C. §§ 2 and 371. Midway through trial, co-defendant Rai pleaded guilty to the same counts.
 
 
 3
 Rai appeals his sentence imposed following the guilty plea; Rajkumar appeals his conviction; and Sabha appeals both his conviction and sentence. On Rai's appeal, we vacate and remand for resentencing. We affirm in all other respects.
 
 I. Sufficiency of the Evidence
 
 4
 The defendants were convicted of a complex alien smuggling conspiracy extending across Canada, into the state of Washington, and thence to Florida. The scheme involved numerous Trinidadian aliens residing in Canada who faced deportation as the result of changes in Canadian immigration policy.
 
 
 5
 Several of the aliens made initial contact with another co-defendant in Toronto. Others communicated by phone with Sabha in Miami. They were advised to travel to Vancouver, British Columbia where Rai helped to smuggle them across the border into Washington state. United States Border Patrol agents observed the aliens crossing the border five times.
 
 
 6
 Several of the aliens traveled to Florida where Sabha ran an immigration consulting service. He and his employee Rajkumar assisted them in making fraudulent applications under the amnesty program established by the Immigration Reform and Control Act.
 
 
 7
 Rajkumar concedes that the government proved a conspiracy between his co-defendants but maintains that he was not part of it. He argues that the evidence established only that he was an innocent employee who assisted coincidentally with the scheme.
 
 
 8
 We will sustain a conviction if, reviewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992). Once the conspiracy is established, evidence of even a "slight" connection to it is sufficient if shown beyond a reasonable doubt. United States v. Restrepo, 930 F.2d 705, 709 (9th Cir.1991).
 
 
 9
 Knowing participation in a conspiracy may be inferred by circumstantial evidence. United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991). One alien testified that Rajkumar gave her a false Florida address and phone number for an amnesty application. Another testified that Rajkumar was present while the alien and Sabha discussed how to falsify evidence of his illegal entry into the country. He also said that Rajkumar advised him to get money orders and took his photo for a fraudulent amnesty application. Viewing these incidents in context, a rational trier of fact could have found that Rajkumar knew about the illegal activity and purposefully joined the scheme.
 
 II. Expert Testimony
 
 10
 Rajkumar and Sabha argue that the district court erred in allowing an INS official to give expert testimony about fraud in the immigration amnesty program.
 
 
 11
 We review for abuse of discretion or manifest error the admission of expert testimony. United States v. Arvin, 900 F.2d 1385, 1389 (9th Cir.1990), cert. denied, 498 U.S. 1024 (1991). Exclusion of the official's testimony was not required. Government agents may testify about general criminal practices to help the jury understand complex criminal activities and to alert it "to the possibility that combinations of seemingly innocuous events may indicate criminal behavior." United States v. Johnson, 735 F.2d 1200, 1202 (9th Cir.1984).
 
 
 12
 Rajkumar and Sabha argue that the prosecution compounded the prejudice from the expert testimony by remarking during closing argument that "as long as [alien smuggling] pipelines like this are allowed to exist, Mr. Hamilton and myself, we can spend our whole career prosecuting...." This was quickly followed by an objection, sustained by the court. Improprieties in closing argument do not require a new trial unless they "are so gross as probably to prejudice the defendant and any resulting prejudice is not neutralized by the court's instructions." United States v. Flake, 746 F.2d 535, 542 (9th Cir.1984), cert. denied, 469 U.S. 1225 (1985). While the comments may have been improper, they were not sufficiently prejudicial to warrant reversal.[1]
 
 III. Perjured Testimony
 
 13
 After he pleaded guilty, Rai became a government witness. On cross-examination, he gave allegedly false testimony. The district court denied his co-defendants' motions for a mistrial and for a new trial. We review for an abuse of discretion. United States v. Homick, 964 F.2d 899, 906 (9th Cir.1992); United States v. George, 960 F.2d 97, 101 (9th Cir.1992).
 
 
 14
 If the prosecution knowingly uses perjured testimony, or knowingly fails to disclose that testimony used to convict a defendant was false, a conviction must be reversed "if there is any reasonable likelihood that the false testimony could have affected the jury verdict." United States v. Endicott, 869 F.2d 452, 455 (9th Cir.1989).
 
 
 15
 The extent of Rai's false testimony is unclear. He denied mistreating the aliens and also testified that he had not profited from the scheme and that he thought his actions were legal. Although the more credible alien witnesses contradicted his testimony, his version of the events was never falsified directly. The district court concluded at Sabha's sentencing hearing that "it was not entirely possible to determine whether Mr. Rai testified falsely."
 
 
 16
 Assuming the testimony was perjurious, the prosecutor had a duty to correct it when offered. Brown v. Borg, 951 F.2d 1011, 1015 (9th Cir.1991). He did so by taking remedial action. He told the jury to disregard Rai's uncorroborated testimony and indicated the portions of the testimony that he thought were false.
 
 
 17
 Sabha and Rajkumar do not establish that the government lacked a good faith belief in the evidence it introduced. This defect is determinative of any claim of error in introducing perjured testimony. United States v. Rewald, 889 F.2d 836, 861 (9th Cir.1989), cert. denied, 498 U.S. 819 (1990). The perjury was prompted by the defense cross-examination, not government conduct. See United States v. Aichele, 941 F.2d 761, 766 (9th Cir.1991).
 
 IV. Stricken Testimony
 
 18
 An alien who had legally entered the United States testified about her contacts with Sabha and Rajkumar in attempting to obtain amnesty. Subsequently, it was revealed that she mistook the dates and that the events had occurred one year earlier than she indicated. The court struck her testimony on the ground that it concerned events too remote from the time frame of the charged conspiracy. It denied a motion for mistrial.
 
 
 19
 We review for abuse of discretion. Homick, 964 F.2d at 906. The court did not err. When a court strikes testimony and gives a cautionary instruction, there is a strong presumption that the jury followed the court's instruction. United States v. Vincent, 758 F.2d 379, 382 (9th Cir.), cert. denied, 474 U.S. 838 (1985). Only in the "exceptional case" is such an instruction found insufficient to cure prejudice. United States v. Escalante, 637 F.2d 1197, 1203 (9th Cir.), cert. denied, 449 U.S. 856 (1980). The government presented considerable evidence, apart from the stricken testimony, to sustain the convictions.
 
 V. Brady Violation
 
 20
 Rajkumar and Sabha argue that the government violated Brady v. Maryland, 373 U.S. 83 (1963), in failing to disclose timely any impeachment evidence favorable to them. They contend that the government did not reveal inducements given to the alien witnesses. The incentives included an alleged promise to request that the judge write a favorable letter to immigration officials.
 
 
 21
 We review de novo challenges to convictions based on alleged Brady violations. Aichele, 941 F.2d at 764. Appellants failed to raise this issue in the trial court. Generally, we will not review issues raised for the first time on appeal. United States v. Kimball, 896 F.2d 1218, 1219 (9th Cir.1990), vacated in part on other grounds, 925 F.2d 356 (9th Cir.1991) (en banc).
 
 
 22
 There is a narrow exception when review is necessary to preserve the integrity of the judicial process. Id. Assuming, without deciding, that this exception applies, we still would conclude that relief is unwarranted. Defense counsel cross-examined the alien witnesses about their motives for cooperating with the prosecution. The opportunity to use the impeachment information at trial cured any prejudice caused by late disclosure. See Aichele, 941 F.2d at 764. Any additional information about the promise of a favorable letter from the court would have been cumulative.
 
 VI. Jury Instructions
 
 23
 Sabha argues that the court erred in not giving his proposed instruction about the unclear law about the amnesty program. The court also denied a second proposed instruction detailing good faith as a complete defense. Both instructions reflected the defense theory that Sabha believed the aliens could qualify legitimately for amnesty.
 
 
 24
 We review de novo a district court's failure to instruct on a defendant's theory of the case. It is not reversible error if the other instructions in their entirety cover the defense theory. United States v. Lopez, 885 F.2d 1428, 1434 (9th Cir.1989), cert. denied, 493 U.S. 1032 (1990).
 
 
 25
 The court's instructions detailed the elements of each charged offense, including knowledge that the aliens were not in the country legally. The jury was further instructed in the meaning of "willful" violation of the law. These instructions precluded the jury from convicting if they believed Sabha acted in good faith. The court was not required to give a separate instruction, worded precisely as requested. See United States v. Faust, 850 F.2d 575, 583 (9th Cir.1988).
 
 VII. Sentencing
 
 26
 Rai and Sabha argue that the court erred in departing upward based on the number of aliens involved. Neither contends that the court lacked legal authority to depart.
 
 A. Sabha
 
 27
 Sabha challenges the court's factual findings that he was involved in smuggling 28 aliens, arguing that his role was more limited. We review for clear error factual findings in support of a sentencing departure. United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc).
 
 
 28
 The court concluded that Sabha was a ringleader and responsible for all foreseeable acts that furthered the scheme. He argues that the court erred by relying upon Rai's disputed testimony. The record reveals that the court had doubts about Rai as a witness. Yet it also understood that it did not have to reject his testimony completely. "What you're asking me to do is conclude that Mr. Rai was not testifying truthfully when he testified about [Sabha's] involvement."
 
 
 29
 Credibility determinations are within the sound discretion of the district court. It did not clearly err in deciding to reject part but not all of Rai's testimony.
 
 B. Rai
 
 30
 Rai does not challenge the factual findings but limits his appeal to the extent of departure. A court's departure must be "reasonable" in light of the standards and policies incorporated in the Sentencing Reform Act and the Guidelines. Id. at 747, 751. We review for abuse of discretion whether the degree of departure was reasonable. United States v. Martinez-Gonzalez, 962 F.2d 874, 875 (9th Cir.1992).
 
 
 31
 The court departed upward four points from an offense level of 13. Rai argues that, at most, a two-point departure was warranted because analogous Guidelines offenses involving "more than minimal planning" require a two-level increase. See, e.g. U.S.S.G. § 2A2.1(b)(1); Martinez-Gonzalez, 962 F.2d at 876.
 
 
 32
 The court's reasoning by analogy to the Guidelines was weak. It explained that grouping the counts of conviction had understated the nature of the offense and attempted to adjust. It did not account for the degree of the increase by explicit reference to other Guidelines sections. Generally, when the circumstances relied upon for departure are proper, a remand is still required if the reasons given for the extent of departure are inadequate. United States v. Cruz-Ventura, 979 F.2d 146, 151 (9th Cir.1992).
 
 
 33
 Because the court did not provide "a reasoned explanation of the extent of the departure," Lira-Barraza, 941 F.2d at 751, with appropriate analogies to the Guidelines, we vacate the sentence. Upon resentencing, the court should explain any departure by reference to the structure and standards of the Guidelines. In particular, it should consider whether to rely upon the "more than minimal planning" analogy found in Martinez-Gonzalez to justify a two-level increase or else offer a reasoned explanation for departing further.[2]
 
 
 34
 Accordingly, we AFFIRM in all respects except for Rai's sentence, which we VACATE and REMAND.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rajkumar also asserts that a Border Patrol agent offered prejudicial, non-responsive testimony. This argument is meritless. He was asked whether he had made any preliminary checks of Sabha's firm. He responded that the business license listed Rajkumar as vice-president. The agent's answer did not go beyond the scope of the question and was clearly relevant
 
 
 [2]
 We are aware that under the Guidelines now in effect, a conspiracy involving 28 aliens would require a four-level increase, the same departure imposed here. U.S.S.G. § 2L1.1(b)(2)(B) (1992). The Commission explains that this amendment is consistent with the Guidelines' general approach of increasing levels for defendants who had key roles in large-scale cases. U.S.S.G. Appendix C, amendment 450 (1992). Yet under the Guidelines applicable to Rai, departure is left to the discretion of the trial judge. U.S.S.G. § 2L1.1, application note 8 (1991). In such circumstances, we require a reasoned explanation by the district court to assure that sentencing was carried out in a proper fashion